# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| **MIKE FLYNN, STEVE WATKINS and** | ) | |
| **DONNIE UNDERWOOD, JR. on behalf of** | ) | |
| **themselves and all others similarly situated,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 1:12-CV-68 SNLJ** |
| | ) | |
| **BERKSHIRE HATHAWAY, INC., et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file following assignment to the undersigned.  The Eight Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases."  *Sanders v. Clemco Indus*., 823 F.2d 214, 216 (8th Cir. 1987).  "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc*., 445 F.3d 1046, 1050 (8th Cir. 2006).  "A plaintiff who seeks to invoke diversity jurisdiction of the federal courts must plead citizenship distinctly and affirmatively."  15 James Wm. Moore, et al., *Moore's Federal Practice* § 102.31 (3d ed. 2010).

The Complaint (#1) asserts that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of different States and the matter in controversy exceeds the sum of $75,000.  A corporation is considered a citizen of both the state where it is incorporated and the state where it maintains its principal place of business.  28 U.S.C. § 1332(c)(1).  The Complaint alleges that the defendants are each incorporated in Delaware and are "headquartered" in Nebraska (defendant Berkshire Hathaway, Inc.) and in

Indiana (defendants CTB, International Inc. and CTB, Inc.).  "An averment of where a corporation has its 'headquarters' is not sufficient to establish the corporation's 'principal place of business.' *See Hertz Corp. v. Friend*, 130 U.S. 1181, 1192 (2010) (stating that "principal place of business" refers to the "nerve center" of a corporation, *i.e.*, the "place where a corporation's officers direct, control, and coordinate the corporation's activities," and recognizing that this will often, though not always, be the location of the company's headquarters)."  *Dowie v. Osburn*, 815 F. Supp. 2d 1051, 1053 (S.D. Iowa 2011).  As a result, plaintiffs' assertion of the defendants' "headquarters" is insufficient to establish citizenship for those defendants.

Accordingly,

**IT IS HEREBY ORDERED** that, by June 13, 2012, plaintiff shall file an amended complaint which shall set forth the defendants' principal places of business in order to adequately plead diversity of citizenship.

Dated this  30th  day of May, 2012.


_____

UNITED STATES DISTRICT JUDGE